**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JERRY J. ELLIS,                                                                                          PLAINTIFF
ADC #78658

v.                                              5:16CV00010-JM-JJV

LARRY MAY, Ex-Chief Deputy Director,                                            DEFENDANTS
Arkansas Department of Correction; *et al.*

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Jerry J. Ellis ("Plaintiff") filed this *pro se* action on January 12, 2016 (Doc. No. 2). Mr. Ellis is a "three striker." But because of the potential imminent danger alleged in his Complaint, on January 13, 2016, I granted Mr. Ellis leave to submit an Amended Complaint (Doc. No. 3). Mr. Ellis failed to amend his Complaint so, on February 29, 2016, I denied Plaintiff's Application to proceed *in forma pauperis* and ordered him to pay the $400 filling fee (Doc. No. 9). I advised him that failure to comply would result in a recommendation that his claims be dismissed without prejudice (*Id*. at 2). Rather than pay the filing fee or amend his Complaint, Mr. Ellis appealed my ruling. His appeal was dismissed and, on August 30, 2016, the United States Court of Appeals issued its Mandate, bringing this matter once again before this court (Docs. No. 23-24).

Now, after carefully reviewing Mr. Ellis' Complaint (Doc. No. 2) and the procedural history of this matter, I find the law requires that this case be dismissed without prejudice pursuant to the "three-strikes" rule.

### II. ANALYSIS

Despite his status as a "three-striker," Mr. Ellis may still proceed *in forma pauperis* if he is under imminent danger of serious physical injury. The United States Court of Appeals for the Eighth

Circuit has explained that this exception applies only if a threat of imminent danger exists at the time of the filing of the complaint. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. *Martin*, 319 F.3d at 1050.

Given the fact that more than nine months has passed since Mr. Ellis filed his Complaint, I find Plaintiff is not in imminent danger of serious physical injury and is not entitled to invoke the imminent danger exception to the three-strikes rule. I, therefore, recommend dismissal of the cause of action.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice pursuant to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

2. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

DATED this 14th day of September, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE